UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
at LONDON

**CIVIL ACTION NO. 13–15-DLB**

**DAVID WAYNE BAILEY**                                              **PLAINTIFF**

vs.                      **MEMORANDUM OPINION AND ORDER**

**MICHELE ALLEY, et al.**                                          **DEFENDANTS**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Plaintiff David Wayne Bailey ("Bailey") is an inmate confined at the Russell County Detention Center in Russell Springs, Kentucky. Proceeding *pro se*, Bailey has filed a civil rights complaint, pursuant to 42 U.S.C. § 1983, against the defendants, alleging violations of his constitutional rights relative to his termination from the Sex Offender Treatment Program. In an amendment to the Complaint, Bailey also asserts a state law claim for defamation against Vincent Scot. Bailey has also renewed his motion for the appointment of counsel. (Doc. # 21).

**I.**      **Factual and Procedural Background**

On May 9, 2008, Bailey was convicted of Sexual Abuse, First Degree, a violation of KRS 510.110, in Harrison Circuit Court (Criminal Action No. 07-CR-016) and received a five-year sentence of imprisonment.[1] The information contained on Bailey's Department of Corrections Resident Record Card (Doc. # 14-2 at 1) reflects that Bailey was released from custody and placed on parole on November 26, 2012, and was directed to complete

---

[1]This information was obtained from the Kentucky Department of Corrections' website.

1

the Sex Offender Treatment Program ("SOTP"). For reasons unknown to this Court, Bailey did not complete the SOTP and was terminated from the SOTP on June 14, 2013.

Subsequently, the Kentucky Department of Corrections, Division of Probation and Parole, issued a Notice of Preliminary Hearing dated July 2, 2013, notifying Bailey that a Preliminary Parole Revocation Hearing on his conditional release would be conducted on July 16, 2013. (Doc. # 14-1 at 1). In that Notice, Bailey was advised that the charged violation was his failure to complete the SOTP as directed. This Preliminary Parole Revocation Hearing was conducted as scheduled before Administrative Law Judge ("ALJ") Nancy L. Barber. Bailey was present and was represented by counsel, Hon. Forrest Brock. The ALJ heard testimony from (1) Michele Alley, Bailey's Probation and Parole Officer, (2) David Trout, (3) Rev. Wayne Keith, and (4) Bailey. On July 17, 2013, the ALJ entered an Order referring Bailey's case to the Commonwealth of Kentucky Parole Board for the issuance of an SOCD (Sexual Offender on Conditional Discharge) Violation Warrant and that the case be referred to the Parole Board for a Final Revocation Hearing. (Doc. # 19-2 at 1-3).

Based on Bailey's statements contained in his letter to the Court dated August 31, 2013, and filed on September 4, 2013 (Doc. # 22), Bailey states that on August 15, 2013, the Parole Board conducted a Final Revocation Hearing, that he admitted to the Parole Board that he had not completed the SOTP, and that the Parole Board revoked his parole. Bailey is currently incarcerated as a result thereof.

In this action Bailey seeks a declaratory judgment that the actions of his Probation and Parole Officer, Michelle Alley, and others in seeking the revocation of his parole violated his rights under the United States Constitution. Bailey also seeks a preliminary

2

and permanent injunction prohibiting the defendants from further enforcement of Kentucky's Sex Offender Registration Act and from placing additional conditions on him following his release from confinement. Bailey further seeks unspecified compensatory damages, punitive damages, and his costs.

Bailey has amended his complaint, claiming that the trial court has committed palpable error, violating his substantive and due process rights as guaranteed by the 14th Amendment to the United States Constitution and by denying his motions for post-conviction relief filed pursuant to Kentucky CR 60.02 and Kentucky RCr 10.26. (Doc. # 9 at 2-3).

## II. Analysis

To the extent that Bailey seeks only an order declaring that state court criminal conviction and/or the revocation of his conditional release on parole was obtained in violation of his rights guaranteed under the United States Constitution, Bailey must proceed by filing a petition for writ of habeas corpus under 28 U.S.C. § 2254. "The proper vehicle to challenge a conviction is through the state's appellate procedure and habeas relief under 28 U.S.C. 2254." *Jackim v. City of Brooklyn*, No. 1:05CV1678, 2010 WL 4923492, at *4 (N.D. Ohio November 29, 2010) (citing *Houston v. Buffa*, No. 06-CV-10140-DT, 2007 WL 1005715, at *7 (E.D. Mich. Mar. 30, 2007)). If, alternatively, the "due process" which Bailey seeks consists of monetary damages from the defendants, he can not recover damages in this § 1983 proceeding, based on the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994). Bailey's allegations that the state court committed palpable error and that his probation officer, Michelle Alley, and various other officers from the Kentucky Department of Probation and Parole named as defendants herein violated his constitutional rights

during various stages of the state court case amount to nothing more than a collateral challenge of his criminal conviction. *Heck v. Humphrey*, *supra*, holds that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been [overturned]." *Id.* at 486-87. In other words, before Bailey can seek money damages in this federal civil rights proceeding in which he appears to claim that the revocation of his conditional release on parole was unlawfully obtained, he must first show that the Kentucky Parole Board's decision to revoke his parole has been overturned or set aside.

A review of the record from Bailey's underlying state court case reflects that he has not challenged or appealed the revocation of his parole. Thus, at this juncture, Bailey's complaint is premature, as he cannot demonstrate that he has successfully appealed or challenged the revocation of his parole through the Kentucky courts.[2] Because Bailey either has served, or currently is serving a lawfully imposed state sentence which has not been reversed, set aside, or otherwise called into question, he can not collaterally attack his criminal conviction in this § 1983 civil rights action by seeking damages from the defendants who were involved in his criminal prosecution and/or the revocation of his parole.

Additionally, the *Rooker-Feldman* doctrine bars Bailey's allegations against the named defendants. Pursuant to the *Rooker-Feldman* doctrine, federal courts lack

---

[2] In letter to the Court dated August 31, 2013 (Doc. # 22), Bailey states that on August 20, 2013, he filed an appeal with the Parole Board; however, it appears that the appeal is still pending before the Parole Board. Thus, the filing of the present action is premature.

jurisdiction to review a case litigated and decided in state court, as only the United States Supreme Court has jurisdiction to correct state court judgments. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *Patmon v. Michigan Supreme Court*, 224 F.3d 504, 506-07 (6th Cir. 2000). A party raising a federal question must appeal a state court decision through the state system and then proceed directly to the Supreme Court of the United States. *Feldman*, 460 U.S. at 483 n.16; *Rooker*, 263 U.S. at 415-16; *United States v. Owens*, 54 F.3d 271, 274 (6th Cir. 1995). Bailey does not allege, and the docket sheet from the state court case does not indicate, that he appealed the criminal judgment through the Kentucky appellate court system or that he asked the United States Supreme Court to review his conviction and sentence.

Finally, having concluded that Bailey's underlying federal claims must be dismissed, the Court declines to exercise supplemental jurisdiction over his pendent state law claim for defamation. *See* 28 U.S.C. § 1367(c)(3); *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966); *Taylor v. First of Am. Bank–Wayne*, 973 F.2d 1284, 1287 (6th Cir. 1992). Bailey is free to assert this state law claim in state court, although the Court expresses no opinion as to whether such a claim would be time-barred and/or meritorious.

### III. Conclusion

Accordingly, **IT IS ORDERED** that:

1. The constitutional claims asserted under 42 U.S.C. § 1983 in the complaint filed by Plaintiff David Wayne Bailey (Doc. # 1), and as amended (Docs. # 5, 6, 8, 9, 10, and 12) are **DISMISSED WITH PREJUDICE**.

5

2. The state law claims asserted in the complaint filed by Plaintiff David Wayne Bailey (Doc. # 5) are **DISMISSED WITHOUT PREJUDICE**.

3. Bailey's complaint (Doc. # 1) and as amended (Docs. # 5, 6, 8, 9, 10, and 12) is **DISMISSED** and this matter is **STRICKEN** from the active docket.

4. Bailey's renewed motion for the appointment of counsel (Doc. # 21) is **DENIED AS MOOT**.

5. The Court will enter an appropriate judgment.

This 26th day of September, 2013.

Signed By:
*David L. Bunning* DB
United States District Judge

G:\DATA\Opinions\London\13-15 MOO dismissing pro se action.wpd